UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ILA J. KESTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-182-RL-PRC |
| | ) | |
| NCO PORTFOLIO MANAGEMENT, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B)**

This matter is before the Court on Plaintiff's Petition to Vacate Arbitration Award [DE 1], filed by Plaintiff on June 19, 2008.

On February 24, 2009, District Court Judge Rudy Lozano entered an order [DE 11] referring this case to the undersigned Magistrate Judge for a Report and Recommendation on the instant Petition. Based on the following analysis, the Court recommends to the District Court that the Plaintiff's Petition to Vacate Arbitration Award be granted and a default judgment be entered in favor of Plaintiff, vacating the arbitration award.

**PROCEDURAL AND FACTUAL BACKGROUND**

On June 19, 2008, Plaintiff Ila J. Kesterson filed her Petition to Vacate Arbitration Award, seeking to vacate the arbitration award issued by the National Arbitration Forum in favor of Defendant NCO Portfolio Management, Inc. on April 4, 2008. On or about January 14, 2008, Defendant filed an arbitration claim in the National Arbitration Forum, alleging that Plaintiff agreed

to arbitration via a credit card agreement. On January 24, 2008, Plaintiff filed a limited appearance and motion to dismiss, challenging the arbitration forum's subject matter and personal jurisdiction as Defendant failed to produce an agreement by the parties evidencing that Plaintiff agreed to arbitration, and Defendant did not otherwise produce a court order compelling Plaintiff to participate in arbitration. On April 4, 2008, the National Arbitration Forum issued an award in favor of Defendant even though, according to Plaintiff, no executed agreement to arbitrate or court order compelling Plaintiff to arbitrate was ever produced.

On June 26, 2008, Defendant received service of the Petition and summons in this case. Plaintiff's counsel provided an affidavit setting forth that Defendant is not known to be an infant or incompetent, nor is Defendant engaged in military service. Despite this, Defendant has failed to appear, answer or otherwise respond to the Petition.

On December 4, 2008, pursuant to the District Court's Order on Plaintiff's Motion for Finding of Default, the Clerk entered default against Defendant. The District Court set this matter for a default judgment hearing on the issue of damages. On February 24, 2009, the District Court referred this matter to the undersigned Magistrate Judge for a Report and Recommendation on the instant Petition. The Court held a default judgment hearing on March 5, 2009, at which Defendant failed to appear. Plaintiff presented exhibits to the Court indicating that Defendant does not intend to pursue this matter. *See* Pl.'s Exs. 2-4. Further, Plaintiff represented that the only relief being sought in this matter is vacation of the April 4, 2008 arbitration award.

**ANALYSIS**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *UNUM Life Ins. Co. of Am. v. Nichols*, No. 1:07 CV 50 PS, 2008 WL 313443, at *2 (N.D. Ind. Feb. 4, 2008). "Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend." *Id*. "This entry is recognition of the fact that a party is in default for failure to comply with the rules." *Id*. Because the Clerk entered a default against Defendant on December 4, 2008, this Court may now enter a default judgment under Rule 55(b)(2).

There are a number of factors that a court may consider when deciding to enter a default judgment. These factors include "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt." *Id.* Here, there are no material issues of fact and the grounds for default are clearly established. The default here is not simply a technicality given that Defendant has not pleaded or appeared in this matter, even though this matter was filed almost one year ago. Further, the instant matter does not implicate any issues of public importance and no amount of money is involved. Accordingly, the factors generally weigh in favor of a default judgment. *Id.*

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint (or the petition) are taken as true. *Id*. However, allegations related to the amount of damages sought are ordinarily not taken as true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe &*

3

*Concrete Prods. Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983)). As previously noted, the only damages being sought in the instant case is the vacation of the April 4, 2008 arbitration award. Accordingly, the Court analyzes below whether Plaintiff has alleged adequate grounds for vacating the arbitration award.

Judicial review of arbitration awards is "extremely limited." *Am. Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832, 835 (7th Cir. 1999). Under the Federal Arbitration Act ("FAA"), a court may vacate an arbitration agreement only in narrowly defined cases, including when an arbitrator's award exceeds his authority. 9 U.S.C. § 10(a)(4).[1] "Arbitration is simply a matter of contract between the parties; it is a way to resolve those disputes-*but only those disputes*-that the parties have agreed to submit to arbitration." *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)) (emphasis added). "Arbitral authority is born in contract, after all, thereby limiting judicial review to examining whether the arbitrator exceeded this contractual authority." *Consol. Rail Corp. v. Chicago Southshore & South Bend R.R. Co.,* No. 01 C 1927, 2001 WL 826899, at *2 (N.D. Ill. July 18, 2001). This examination requires the Court to determine whether the arbitral award "draws its essence from the contract," as the arbitrator's authority is limited to the actual issues submitted by the parties. *Id.* (quoting *Jasper Cabinet Co. v. United Steelworkers of Am., AFL-CIO-CLC, Upholstery and Allied Div.*, 77 F.3d 1025, 1028 (7th Cir. 1996)); *Runyon*, 185 F.3d at 835.

Here, Plaintiff argues that the arbitration award should be vacated because Defendant failed to provide any agreement evidencing that Plaintiff agreed to arbitration and also failed to provide

---

[1] The Court notes as a preliminary matter that Plaintiff has complied with section 12 of the FAA, which requires "[n]otice of a motion to vacate . . . an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Here, Plaintiff served the instant Petition on Defendant on June 26, 2008, within three months of the April 4, 2008 arbitration award.

4

a court order requiring Plaintiff to participate in arbitration. "A party cannot be required to arbitrate a dispute unless [s]he has agreed to do so." *Wilson v. Sterling Foster & Co., Inc.,* No. 98 C 2733, 1998 WL 749065, at *3 (N.D. Ill. Oct. 15, 1998). "No one should be forced into arbitration without an opportunity to show that [s]he never agreed to arbitrate the dispute that is the subject of the arbitration." *Comprehensive Accounting Corp., v. Rudell*, 760 F.2d 138, 140 (7th Cir. 1985). After receiving notice of the arbitration claim against her, Plaintiff filed a motion to dismiss on grounds that there was no proof of an agreement to arbitrate between the parties. Although Defendant's arbitration claim referred to an arbitration agreement contained in the parties' Credit Card Agreement, no copy of such an agreement was provided with the claim and no court order compelling arbitration was produced. Despite this fact, the National Arbitration Forum issued an award in Defendant's favor.

Given that an arbitrator can only resolve those disputes that the parties agreed to submit to arbitration and, taking Plaintiff's well-pleaded allegations as true, there is no proof that the parties agreed to arbitration in any instance; it appears that there were no claims that the arbitrator had the power to resolve in this mater. Accordingly, with no proof of an arbitration agreement, and no court order requiring Plaintiff to engage in arbitration, the arbitrator lacked authority to issue an award in Defendant's favor, and thereby exceeded his authority in this matter. Therefore, the Court recommends that a default judgment be entered in Plaintiff's favor granting the Petition to Vacate Arbitration Award and, pursuant to 9 U.S.C. § 10(a)(4), vacating the April 4, 2008 arbitration award.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court enter a default judgment in Plaintiff's favor, granting Plaintiff's Petition to Vacate Arbitration Award [DE 1], and vacating the April 4, 2008 arbitration award.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Report and Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

So ORDERED this 9th day of March, 2009.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record